IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 4:11-cr-413-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Joseph Robert Guernsey, Benedict Guthrie Olberding, and Melissa Nicole Butterworth, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the motion of defendant Olberding ("Defendant") to compel Bank of America ("BOA") to produce documents pursuant to a subpoena [Entry #78]. The Honorable R. Bryan Harwell referred this motion to the undersigned [Entry #80] pursuant to Local Civil Rule 73.02(A)(2) (D.S.C.).

Defendant's motion does not indicate that BOA was served with the motion to compel and there is no proof of service of the motion itself. Counsel for Defendant is directed to file by December 9, 2011, a certificate of service of the motion and of this order on BOA. Additionally, Defendant is directed to show cause by December 16, 2011 why the motion should not be denied. Specifically, Defendant should submit briefing that addresses the following: (1) the documents produced thus far; (2) the specific remaining documents it seeks; (3) whether the documents sought are relevant in light of the sentencing guidelines definition of "loss" as the greater of actual loss or intended loss; and (4) the Defendant's authority to serve a documentary (v. testamentary) subpoena (and

compel its compliance) (a) without prior court approval pursuant to Fed. R. Crim. P. 17, and (b) post-guilty plea/trial for purposes of sentencing. To the extent Defendant is able to demonstrate authority for the documentary subpoena, Defendant is directed to indicate his readiness to provide for the costs associated with BOA's compliance therewith.

    IT IS SO ORDERED.

December 5, 2011                                          Shiva V. Hodges
Florence, South Carolina                    United States Magistrate Judge