AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| **BENEDICT GUTHRIE OLBERDING** <br> a/k/a Gus | Case Number:  **4:11CR00413-RBH (2)** <br><br> USM Number: <u>22587-171</u> <br><br> <u>JOSEPH McCULLOCH, JR., RETAINED</u> <br> Defendant's Attorney |

**THE DEFENDANT:**

■   pleaded guilty to count <u>three (3) on October 28, 2011</u>.

☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐   was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344 & 18:2 | Please see indictment | June 2009 | 3 |

The defendant is sentenced as provided in pages 2 through <u>4</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)_____

■   Count(s) <u>one (1) and two (2)</u>    ☐ is   ■ are    dismissed on the motion of the United States.

☐   Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

<u>April 11, 2013</u>
Date of Imposition of Judgment

<u>s/ R. Bryan Harwell</u>
Signature of Judge

<u>Hon. R. Bryan Harwell, U.S. District Judge</u>
Name and Title of Judge

<u>April 23, 2013</u>
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
    Sheet 2 - Probation

Page 2

DEFENDANT: BENEDICT GUTHRIE OLBERDING
CASE NUMBER: 4:11CR00413-RBH (2)

## PROBATION

The defendant is hereby sentenced to probation for a term of **five (5) years**

While on probation, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3563 (a)&(b) and the following special conditions: 1. For the first 14 months of probation, the defendant shall be on home confinement with electronic monitoring. Cost to be paid by defendant. 2. Restitution shall be paid in full immediately. 3. The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office. 4. The defendant shall perform 100 hours of community service, 10 of those hours shall be speaking to realtor or mortgage broker groups about his offenses and his conviction.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Criminal Monetary Penalties

Page 3

DEFENDANT: BENEDICT GUTHRIE OLBERDING
CASE NUMBER: 4:11CR00413-RBH (2)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** |  | **$ 614,154.37** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless otherwise specified in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **CHL Mortgage Pass-Through Trust 2007-4** | $521,391.87 | $521,391.87 | |
| **Countrywide Home Loans, Inc.** | $ 92,762.50 | $ 92,762.50 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | **$614,154.37** | **$614,154.37** | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ■ The interest requirement is waived for the ☐ fine     ■ restitution.
   ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
    Sheet 4 - Schedule of Payments

Page 4

DEFENDANT: BENEDICT GUTHRIE OLBERDING
CASE NUMBER: 4:11CR00413-RBH (2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $100.00 (special assessment and $614,154.37 restitution  due immediately, balance due

    ☐ not later than _____ , or

    ☐ in accordance with    ☐ C,    ☐ D, or    ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g.,
    months or years), to commence _____  (30 or 60 days)   after the date of this judgment; or

D    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of
    _____(e.g., months or years), to commence _____  (30 or 60 days) after release from imprisonment to a term of
    supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The
    court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■    **Joint and Several**
    **Defendant and Co-Defendant Names and Case Numbers** *(including defendant number)*, **Total Amount, Joint and Several Amount,**
    **and corresponding payee, if appropriate.**
    **Benedict Guthrie Olberding 4:13CR00413-RBH (2)        defendant        $614,154.37**
        ( CHL Mortgage Pass-Through      Trust 2007-4 $521,391.87 **Countrywide Home Loans, Inc. - $92,762.50)**

    **Joseph Robert Guernsey     4:13CR00413-RBH (1)    co-defendant        $614,154.37**
        ( CHL Mortgage Pass-Through      Trust 2007-4 $521,391.87 **Countrywide Home Loans, Inc. - $92,762.50)**

☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed **April 10, 2013** and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 4:11CR00413-RBH |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| BENEDICT GUTHRIE OLBERDING | ) |

## PRELIMINARY ORDER OF FORFEITURE
## AS TO BENEDICT GUTHRIE OLBERDING

1.    On March 22, 2011, a federal grand jury in this district returned an Indictment charging Defendant Benedict Guthrie Olberding ("Olberding", "Defendant"), with three counts of bank fraud, in violation of 18 U.S.C. § 1344.  Pursuant to Rule 32.2(a), Fed.R.Crim.P., the Indictment contained a forfeiture allegation which provided that upon Olberding's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to, *inter alia*, 18 U.S.C. § 982(a)(2), providing for forfeiture of criminally-derived proceeds, and 28 U.S.C. § 853(p), providing for forfeiture of substitute assets.  Pursuant to Rule 32.2(b)(1)(A), the forfeiture allegation also seeks a money judgment against Olberding and his codefendant, Joseph Robert Guernsey ("Guernsey"), based upon the amount of criminally-derived proceeds of the scheme.

2.    On October 28, 2011, Olberding pled guilty to Count 3 of the Indictment, pursuant to a plea agreement which included forfeiture cooperation provisions.  Based upon Olberding's guilty plea and other matters of record, the court has determined that the fraud scheme to which Olberding pled guilty was a continuing  fraud, which generated

Order, p. 1 of 6

gross criminal proceeds of $1,000,000, and that such proceeds are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2).

3.    On January 23, 2013, pursuant to a seizure warrant issued by United States Magistrate Judge Kaymani D. West, the FBI seized $1,000,000 (the "seized funds") from account xxxxxx5563 with BB&T, for proposed forfeiture as substitute property.  Account xxxxxx5563 is a business bank account in the name of Southern States Mortgage Company, Inc., on which Benedict Guthrie Olberding and his wife, Brenna Olberding, have signature authority.[1]

4.    The United States has entered into an agreement with Benedict Guthrie Olberding, Brenna Olberding, and Southern States Mortgage Company, Inc., which, subject to the court's approval, resolves the forfeiture and restitution issues in Olberding's case. See "Consent Settlement Agreement Relating to Forfeiture and Restitution" (hereafter, "Consent Agreement") (ECF No. 155).  The terms of the Consent Agreement are incorporated herein by reference.  Under such terms, after the entry of a final order of forfeiture, $145,000 of the $1,000,000 in seized funds will be returned to Southern States Mortgage Company, Inc. (subject to the provisions of 31 U.S.C. § 3716 (the "Debt Collection Improvement Act of 1996")), leaving a balance of $855,000.  If the court orders restitution, the government agrees to forego seeking a final order of forfeiture as to the restitution amount, in a process commonly referred to as "restitution in lieu of forfeiture",

---

[1]    At the time of the offense of conviction, Benedict Guthrie Olberding was the President of Southern States Mortgage Company, Inc.  Ownership of the company was subsequently transferred to Brenna Olberding on December 9, 2012, through an assignment and transfer of ownership of the company's stock.  Brenna Olberding therefore has authority to enter this agreement on behalf of the company.

whereby the government agrees that any restitution ordered by the court will be paid to the clerk of court from the remaining balance of $855,000, to thereafter be paid to the victim(s) pursuant to the restitution order. After such restitution amount has been paid to the clerk of court, the government will thereafter seek a final order of forfeiture on any remaining portion of the $855,000.[2] In the Consent Agreement, Brenna Olberding and Southern States Mortgage Company, Inc., waive further notice related to the proposed forfeiture, and agree not to contest the forfeiture of all or any portion of the $855,000.

5.      Based upon Olberding's conviction and other matters appearing in the record, the court has determined that the $1,000,000 in seized funds are subject to forfeiture as substitute property, pursuant to 21 U.S.C. § 853(p). The court further finds that Olberding has an interest in such property. However pursuant to the Consent Agreement, a maximum of $855,000 is subject to final forfeiture and/or restitution, with $145,000 to be returned to Southern States Mortgage Company, Inc.

6.      The court has further determined that the government has established the requisite nexus between the property subject to forfeiture and the offense for which Olberding has been convicted; therefore, pursuant to 18 U.S.C. § 982(a)(2) and 21 U.S.C. § 853(p), the $1,000,000 in seized funds shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third party rights, and subject to the Consent Agreement, whereby the United States agrees to the return of $145,000 of the seized funds to Southern States Mortgage Company, Inc., upon the entry of a final order of forfeiture.

---

[2] For example, if the court orders Olberding to make restitution in the amount of $614,154.37, as set forth in the Pre-Sentence Report, the government will seek a final order of forfeiture of the remaining balance of approximately $240,845.63.

Order, p. 3 of 6

7.     The court further finds that the United States is entitled to a judgment of forfeiture and possession of the said property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, subject to the provisions of the consent agreement.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     Pursuant to 18 U.S.C. § 982(a)(2), and subject to the conditions as set forth in the Consent Agreement, the Defendant shall forfeit to the United States, all of his right, title and interest in and to the $1,000,000 in funds previously seized by the FBI on January 23, 2013.   Upon the entry of a final order of forfeiture, the United States shall return $145,000 of the seized funds to Southern States Mortgage Company, Inc., subject to the provisions of 31 U.S.C. § 3716.

2.     All right, title and interest of the Defendant, Benedict Guthrie Olbdering, in and to the following property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n), and subject to the provisions of the Consent Agreement:

$1,000,000 seized from account xxxxxx5563 with BB&T on January 23, 2013
Asset # 13-FBI-001380

3.     Upon entry, this order becomes final as to Olberding, and shall be made a part of his sentence and included in the criminal Judgment.

4.     The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General, may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property, although the United States is under no obligation to

Order, p. 4 of 6

provide notice to Brenna Olberding or Southern States Mortgage Company, Inc.

5.      Upon entry of this Order, the United States Marshal's Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

6.      Any person, other than the named Defendant, Brenna Olberding, or Southern States Mortgage Company, Inc., asserting a legal interest in the $1,000,000 may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the $1,000,000, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed.R.Crim.P. 32.2(c).

7.      Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

8.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9.      Following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions, the United States shall have clear title to the remaining balance

of $855,000, minus any amount paid as restitution in this case pursuant to the Consent Agreement.

10.    The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11.    The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ R. Bryan Harwell
R. BRYAN HARWELL
UNITED STATES DISTRICT JUDGE

Florence, South Carolina

April 10, 2013