IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | ) | CIMINAL NUMBER 4:11-413 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH ROBERT GUERNSEY | ) | MOTION FOR VARIANCE |

COMES NOW, the Defendant, JOSEPH ROBERT GUERNSEY (hereinafter referred to as "Guernsey") and respectfully submits this Motion for Variance for this Court's review and consideration.

I.   LAW

The Guidelines are now but one of seven statutory factors to weigh when formulating a sentence. *United States v. Booker*, 125 S. Ct. 738 (2005); 18 U.S.C. § 3553. In *Booker*, the Supreme Court held that the mandatory manner in which the Guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment to the Constitution. The Supreme Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable Guideline range), and 18 U.S.C. § 3742(e) (setting forth appellate standards of review for Guideline issues), thereby making the Guidelines advisory. *Booker*, 125 S.Ct. at 756-57. Although the Guidelines are no longer mandatory, *Booker* makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." *Booker*, 125 S.Ct. at 767.

Since *Booker* was decided, the Fourth Circuit has instructed that a district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Next, the court must "determine whether a sentence within that range … serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006); *United States v. Green*, 436 F.3d 449, 455, 4th Cir. 2006). In making this determination, the court should first look to whether a departure is appropriate based on the Guidelines or relevant case law, and, if an appropriate basis for departure exists, the district court may depart. *Id.*; *United States v. Rybicki*, 96 F.3d 754 (4th Cir. 1996).

If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-Guidelines sentence (a "variance sentence"), but should explain its reasons pursuant to 18 U.S.C. § 3553(c)(2). *Hughes, supra*. The sentence must be "within the statutorily prescribed range and … reasonable." *Id.* at 546-47 (emphasis added). The "sentencing court may not presume that the Guidelines range is reasonable." *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).

The United States Supreme Court modified the Fourth Circuit approach to sentencing as set forth in its decision of *Gall v. United States*, 128 S.Ct. 586 (2007). In *Gall*, the Supreme Court set forth the sentencing paradigm as follows:

> As we explained in *Rita*, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range…As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable…He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing….

Thus, first, the Court must establish the Sentence under the Guidelines and make appropriate factual findings. Second, the Court must allow the parties to argue for the sentence they deem appropriate. Third, the Court must consider all of the factors set forth in 18 U.S.C. § 3553(a), decide an appropriate sentence and adequately explain the chosen sentence.

Congress has instructed that a sentencing court must "impose a sentence of the kind, and within the range," required by the guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).

In determining "whether a potential basis for departure was adequately considered by the [Sentencing] Commission, . . . a sentencing court must focus on whether the factor is taken into account by the guidelines, policy statements, or commentary and whether it is

encompassed within the heartland of situations to which the applicable guideline was intended to apply." *United States v. Barber*, 119 F.3d 276, 280 (4th Cir.), *cert. denied*, 522 U.S. 988 (1997) (*citing Koon v. United States*, 518 U.S. 81 (1996)).

The Sentencing Commission has "adequately considered circumstances within the heartland of conduct encompassed by the guidelines and did not consider conduct falling outside the heartland." *Barber*, 119 F.3d at 280. The "heartland" of a given guideline is "a set of typical cases embodying the conduct that each guideline describes." USSG ch. 1, pt. A, introductory cmt. 4(b). Accordingly, the crucial inquiry is whether the individual facts that the district court is considering are taken into account in the heartland of situations encompassed within the applicable guideline. *Barber, supra*.

In order to ascertain whether a factor under consideration is an appropriate basis for departure, the *Koon* Court instructed that after identifying a potential basis for departure a sentencing court should determine whether that factor was forbidden, encouraged, discouraged, or unmentioned by the Commission as a basis for departure. *Barber, supra*. The category of a particular factor is determined by reference to the guidelines, policy statements, and commentary. *Id.* With respect to an encouraged factor, "the court is authorized to depart if the applicable Guideline does not already take it into account." *Koon*, 518 U.S. at 96. If the factor is taken into account by the appropriate guideline, then the court may depart "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Id.* Similarly, a discouraged factor may serve as the basis for departure only if

it is present to such an unusual degree that it cannot be said to come within the heartland of the applicable guideline. See Id.; *see also Barber*, 119 F.3d at 281. Finally, a sentencing court may depart on the basis of a factor that is unmentioned by the guidelines as a ground for departure if that factor removes the case from the heartland of cases contemplated by the applicable guideline, but such departures should only occur in "'rare' situations." *Id.*; see USSG ch. 1 pt. A introductory cmt. 4(b).

Where a departure is determined to be appropriate, the extent thereof need only be reasonable under the circumstances. *United States v. Bellamy*, 264 F.3d 448, 454 n.3 (4th Cir. 2001), *cert. denied*, 534 U.S. 1143 (2002). As explained by the Supreme Court in *Williams v. United States*, 503 U.S. 193, 203 (1992), "the reasonableness determination looks to the amount and extent of departure in light of the grounds for departing." Under *Williams*, this is necessarily a wide-ranging and flexible inquiry:

> In assessing reasonableness . . . the Act directs a court of appeals to examine the [statutory] factors to be considered in imposing a sentence under the Guidelines, as well as the district court's stated reasons for the imposition of the particular sentence. A sentence thus can be 'reasonable' even if some of the reasons given by the district court to justify the departure from the presumptive guideline range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure. *Id.* at 203‑04 (citing then current version of section 3742(e)); see also 18 U.S.C.A. § 3742(e), (e)(C) (West Supp. 2004) (providing that appellate review of whether a sentence "departs to an unreasonable degree" must consider the statutory "factors to be considered in imposing a sentence" as well as the district court's statement of its "reasons for the imposition of the particular sentence"). *United States v. Davis*, 2004 WL 1828353, at *5 (4th Cir. 2004).

### A. Departures Pursuant to Sentencing Guidelines Section 5K2.0

As this Court knows, a downward departure for a defendant is generally governed Section 5K of the Guidelines. Specifically, Guernsey relies upon Guidelines Section 5K2.0 (Other Grounds for Departure) as the basis for his request for a downward departure. Section 5K2.0 provides for downward departures as follows:

● Subpart (a)(1)(A) provides for a departure in the case of an offense other than a child crimes offense if there are mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission that should result in a sentence lower than that calculated under the Guidelines.

● Subpart (a)(2) provides for a departure based upon circumstances of a kind not adequately taken into consideration by the Sentencing Commission, including both Identified Circumstances and Unidentified Circumstances.

● Subpart (a)(3) provides for a departure in exceptional cases based upon circumstances present to a degree not adequately taken into consideration by the Sentencing Commission.

● Subpart (a)(4) provides for a departure based upon an offender characteristic, set forth in Section H, or other circumstance which is present to an exceptional degree.

● Subpart (c) provides for a departure based upon a combination of two or more offender characteristics or other circumstances, none of which is independently sufficient to support a departure, if they make the case an exceptional one, are present to a substantial degree, and are identified in the Guidelines as a permissible ground for departure.

In light of the unique circumstances presented by this case, it is clear that it falls outside the heartland of cases and that a downward departure is warranted for the reasons set forth below.

**B. Departures Pursuant to 18 U.S.C. Section 3553**

The Court may also vary from the advisory Guidelines to impose any reasonable sentence based on a consideration of the § 3553 factors. *Booker* at 757, 767. As analyzed below, a variance from the Guidelines is warranted, and a sentence of less than 27 months is authorized and appropriate under the facts of this case. The factors set forth in Title 18, United States Code, Section 3553, are as follows:

(a) Factors to be considered in imposing a sentence.–The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for–
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement–
>
>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

II.     FACTORS THAT WARRANT A DEPARTURE IN GUERNSEY'S CASE

### A. Guernsey comes from a loving and stable family

Guernsey has lived in the Myrtle Beach area all of his life. He played sports in high school, including track, basketball and football. In his twenties, Guernsey worked approximately ten years at the Myrtle Beach Lifeguard Association, including five years as a lifeguard and five years as a manager.

Guernsey's parents live in the Myrtle Beach area and have been married 56 years. Guernsey and his sister help take care of their parents, who are 74 and 76 years old. Guernsey's father suffers from dementia and does not drive, while Guernsey's mother drives only on a limited basis.

### B. Guernsey cooperated in this case

Guernsey was interviewed at length by the Federal Bureau of Investigation and admitted his and his co-defendants' involvement in this case. Guernsey also gave federal investigators information on others in the Myrtle Beach area but is unaware of whether that information has led to anyone's arrest or conviction.

### C. Guernsey has made positive changes in his life and the lives of others

After his involvement in this case and the foreclosure that followed, Guernsey suffered financial hardship. Thereafter, Guernsey began rebuilding his life. In 2009, Guernsey started a commercial waterproofing and painting business that now employs twenty-six (26) people, many of whom are veterans. Guernsey especially regrets how this case may impact his employees and their families.

### D. Guernsey's co-defendants have each received a sentence of probation

Guernsey's co-defendants, Benedict Guthrie Olberding and Melissa Nicole Butterworth, were involved in the same fraudulent scheme and have received sentences of probation.  While Guernsey acknowledges that both Butterworth and Olberding received motions for downward departure from the government, they appear to have also received variances in addition to their 5K1.1 departures.  Further, Guernsey attempted to cooperate with the government in this case but due to being "the last one in" was unable to earn a 5K1.1 departure.  For these reasons, the low end of Guernsey's guidelines range, 27 months imprisonment, would create a greater than usual sentencing disparity in this case.

### III.   CONCLUSION

Based on the foregoing authorities, arguments and evidence to be presented at sentencing, the defense respectfully requests that the Court impose a sentence that is less than twenty-seven (27) months imprisonment.

                                                Respectfully submitted,

                                                /s Rose Mary Parham
                                                Rose Mary Parham
                                                Attorney for Joseph Guernsey
                                                Parham Law Firm, LLC
                                                Post Office Box 1514
                                                Florence, South Carolina 29503
                                                843.407.7757

Florence, South Carolina
April 24, 2013